```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

CHRISTOPHER FARDELLA,

                Petitioner,

       -v-                                          No.  13CIV5373-LTS
                                                         11CR872-LTS
UNITED STATES OF AMERICA,

                Respondent.

--------------------------------------------------------x
```

<u>MEMORANDUM ORDER</u>

On July 31, 2013, <u>pro se</u> Petitioner Christopher Fardella ("Fardella" or "Petitioner") moved, pursuant to 28 U.S.C. § 2255, to vacate his plea, sentence and convictions for conspiracy to commit securities fraud and mail fraud and for substantive securities fraud (the "Petition"). In his Petition, Fardella argues that his defense counsel, James S. Benjamin, Esq. ("Benjamin"), was constitutionally ineffective for: (i) failing to file a notice of appeal after sentencing; (ii) for preventing Fardella from raising meritorious defenses; (iii) for failing to research the applicable statute of limitations and argue that the charges against him were time-barred and that tolling agreements should not be applied; and (iv) for failing to address deficiencies and waivers in the plea agreement. Fardella also argues that his conviction should be vacated because the statute of limitations had already expired when the Information was filed and that the plea agreement should be void because the tolling agreements that Fardella signed to extend the statute of limitations were defective. Respondent opposes Fardella's motion, arguing that Fardella waived his right to challenge his sentence and his claims are meritless. The Court has considered carefully the parties' submissions and arguments and, for the following reasons,

the Court finds that a full evidentiary hearing is not warranted and denies Fardella's Petition in its entirety.

## BACKGROUND

Fardella and his co-defendant Michael Katz, along with others, were charged and convicted of conspiring to operate, and obtaining money through, a Ponzi scheme run through a purported hedge fund known as KMFG International, LLC ("KMFG"), by making false and fraudulent claims to investors that KMFG was operated by experienced managers with a track record when, in fact, Fardella and his co-conspirators had no experience running a hedge fund. (Presentence Report ¶¶ 14-15.)  On October 12, 2011, Fardella waived his right to have the Grand Jury return an indictment against him and consented to the filing of an Information, which charged him in Count One with conspiracy to commit securities fraud and mail fraud in violation of 18 U.S.C. § 371 and in Count Two with securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2.  (See Gov. Ex. A, Information.)

On October 12, 2011, Fardella pleaded guilty to Counts One and Two of the Information pursuant to a written plea agreement (the "Agreement").  (See Gov. Ex. B, Agreement at 6.)  In the Agreement, Fardella stipulated that he "w[ould] not file a direct appeal; nor bring a collateral challenge, including, but not limited to an application under Title 28, United States Code, Section 2255 and/or 2241 . . . of any sentence within or below the Stipulated Guidelines Range of 51 to 63 months' imprisonment." (Id. at 4.)  During the plea allocution, the Court confirmed that Fardella was competent to enter a plea of guilty; was aware of the charges against him as well as the maximum penalties associated with those charges, fully understood the Agreement; was aware of the constitutional rights that he was waiving by entering a plea of

guilty, including the right to a trial; and that a factual basis existed for the plea.  (See Gov. Ex. C, Plea Tr. at 19-44.)  Fardella stated that he was satisfied with Benjamin's representation of him and that he had spoken to Benjamin regarding the charges to which he planned to plead guilty and possible defenses to those charges.  (Id. at 19:9-12.)  The Court also confirmed that Fardella understood that he was "giving up, or waiving [his] right to appeal or to litigate or challenge [his] sentence under Sections 2255 and/or 2241 of Title 18" if he was sentenced to 63 or fewer months of imprisonment.  (Id. Tr. at 43:3-7.)  Fardella then admitted to knowingly and willfully participating in a conspiracy to defraud KMFG's investors and to actually defrauding them, and acknowledged that he knew that what he was doing was wrong and illegal when he was doing it.  (Id. at 54-55.)

    Following Fardella's guilty plea, the Probation Office prepared a Presentence Report that included a Guidelines calculation identical to that set forth in the Agreement and recommended a sentence of 60 months of imprisonment on Count One and a sentence of 63 months on Count Two, to run concurrently.  (Pre-Sentence Report at 21-22.)  Benjamin submitted a sentencing memorandum on Fardella's behalf in which he asked the Court to impose a sentence less than the applicable Guidelines range of 51 to 63 months based on the presence of mitigating factors under 18 U.S.C. § 3553(a).  (See Gov. Ex. D, Def Sent. Mem.)  The Court sentenced Fardella to 36 months of imprisonment on each of Counts One and Two, to run concurrently.

DISCUSSION

Whether Petitioner Waived his Right to Collaterally Challenge His Sentence

Respondent first argues that Fardella's Petition should be dismissed because Fardella was sentenced to 36 months of imprisonment and he knowingly, voluntarily and expressly waived his right to collaterally challenge his sentence under Section 2255 if his sentence fell within or below the stipulated Guidelines range of 51 to 63 months. "Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement [or] [s]uch a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). The only way to overcome the rebuttable presumption of enforceability is to show that: "(1) the waiver was not knowing, voluntary, and competent; (2) the sentence imposed was based on impermissible factors, such as race or other biases; (3) the Government breached the plea agreement; or (4) the sentencing court failed to enunciate a rationale for the sentence." Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 298 (S.D.N.Y. 2004) (citation omitted).

Here, Fardella confirmed under oath that: (1) he was aware of the charges against him as well as the maximum penalties associated with those charges; (2) he was aware of the constitutional rights that he was waiving by entering a plea of guilty, including the right to a trial; (3) he was satisfied with Benjamin's representation of him; (4) he had fully discussed with Benjamin the charges to which he planned to plead guilty and any defenses that he might have had to those charges; (5) he fully understood the Agreement, discussed it with his attorney and

signed it; (6) and he understood that, under the Agreement, he waived his right to file a collateral attack and appeal in certain circumstances. (See Gov. Ex. C., Plea Tr. at 19-44.) The record demonstrates that the waiver was knowing, voluntary and competent and Fardella does not argue that the sentence imposed was based upon impermissible factors, that the Government breached the Agreement or that the sentencing court failed to enunciate a rationale for his sentence. Accordingly, the Court finds that Fardella waived his right to collaterally challenge his sentence and is procedurally barred from making this motion.

Petitioner's Ineffective Assistance of Counsel Claims

Even had Fardella not waived his right to collaterally attack his sentence, he would still have to establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact . . . constitut[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice,'" in order to obtain relief under Section 2255. United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995). Fardella argues that his attorney, Benjamin, was constitutionally ineffective because he: (i) failed to file a notice of appeal after sentencing; (ii) prevented Fardella from raising meritorious defenses; and (iii) failed to research the applicable statute of limitations and argue that the charges against Fardella were time-barred and that tolling agreements should not be applied; and (iv) failed to address deficiencies in the plea agreement and waivers in the plea agreement. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether a lawyer's assistance was ineffective: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and is to be judged against an

objective standard of reasonableness.  Id. at 687-88.  The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that [t]here are countless ways to provide effective assistance in any given case and [e]ven the best criminal defense attorneys would not defend a particular client in the same way."  United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (internal quotation marks and citations omitted, alteration in original).  Second, the defendant must show prejudice from the counsel's performance.  Strickland, 466 U.S. at 687.  The "question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (internal quotation marks and citation omitted).

Whether Defense Counsel Failed to File a Notice of Appeal After Sentencing

Failure to file a notice of appeal when asked to do so would constitute ineffective assistance of counsel.  See Campusano v. United States, 442 F.3d 770, 776-77 (2d Cir. 2006). Here, however, Benjamin, Fardella's attorney, has submitted an affidavit representing he went over Fardella's rights with him after the hearing, and that Fardella never directed or instructed Benjamin to file a notice of  appeal.  (See Benjamin Aff. ¶ 6.)[1]  Benjamin also states that he had numerous conversations with Fardella before the date of Fardella's original surrender and that, at

---

[1] See Chang v. United States, 250 F.3d 79, 82 (2d Cir. 2001) (the court need not hold a "full-blown evidentiary hearing . . . it may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits," so as to avoid "the needless expenditure of judicial resources").

no time, did Fardella direct or request that Benjamin file an appeal, or raise the subject of an appeal in any way. (Id. ¶ 7.) According to Benjamin, months after Fardella surrendered and was serving his prison sentence, Fardella contacted Benjamin to request copies of various tolling agreements and Benjamin supplied those agreements, but again, never during those conversations, nor any other communications with Fardella, was the subject of an appeal raised by Fardella. (Id. ¶ 9.) Petitioner does not proffer any explanation as to the grounds for the appeal that he allegedly had wished to file, or specify where or when he requested that Benjamin file an appeal, and he has not submitted any corroborating evidence. In light of Benjamin's sworn affidavit, the Court finds Fardella's self-serving, conclusory allegation insufficient to establish a plausible claim of ineffective assistance of counsel.

### Whether Fardella was Prevented From Raising Meritorious Defenses

Fardella also alleges in a conclusory fashion that his lawyer prevented him from "presenting meritorious defenses" (Petition at 5), but Fardella does not identify the defenses that he purportedly asked his lawyer to raise or explain how he was presented from raising them. See, e.g., United States v. Hawkins, 11 Cr. 48(LMB), 2012 WL 3578924, at *2 (E.D. Va. Aug. 17, 2012) (denying 2255 petition where petitioner failed "to identify any meritorious defenses that were left unraised"). Fardella's claim is too sparse and lacking in any detail or specificity to merit a full hearing or any other relief. See Tineo v. United States, 977 F. Supp. 245, 259 (S.D.N.Y. 1996) (petitioner's "vague and conclusory allegations preclude the Court from identifying any alleged errors which might have prejudiced Petitioner").

### Whether Defense Counsel Failed to Research the Applicable Statute of Limitations and Address Deficiencies/Waivers in the Plea Agreement

Fardella further contends that Benjamin "failed to address the deficiencies in the plea agreement and with the waivers inherent in that agreement" (Petition at 6), but again does not identify the purported deficiencies or waivers.  Fardella also does not explain why researching the applicable statute of limitations or addressing deficiencies or waivers in the plea agreement would have warranted different courses of action or achieved different results.  An attorney does not provide ineffective assistance of counsel simply by declining to advance an argument that lacks merit.  See, e.g., Aparicio v. Artuz, 269 F.3d 78, 99, n. 10 (2d Cir. 2010).  Furthermore, the second prong of an ineffective assistance claim requires the petitioner to show that counsel's performance prejudiced the defense.  The petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Fardella has made no such showing.  Given that Fardella fails to satisfy both prongs of the Strickland test, his motion must be denied insofar as it is premised on ineffective assistance of counsel.

## Statute of Limitations and Tolling Agreements

### Whether the Information was Filed Within the Applicable Statute of Limitations

Fardella also argues that his conviction should be vacated because the statute of limitations had expired when the Information was filed in this case and the acts alleged in the Information were outside of the statute of limitations.  The statute of limitations for the crimes charged in Counts One and Two of the Information is five years, pursuant to 18 U.S.C. § 3282. See United States v. Schlesinger, 360 F. Supp. 2d 512, 520 (E.D.N.Y. 2005) (five-year statute of limitations for Section 371 conspiracy charge); United States v. Rutkoske, 506 F.3d 170, 175 (2d

Cir. 2007) (five-year statute of limitations for securities fraud charge). The statute provides in relevant part that, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). For a conspiracy count to have been properly charged within a limitations period, the conspiracy "(1) must still have been ongoing within the five year period preceding the indictment [or information], and (2) at least one overt act in furtherance of the conspiratorial agreement [must have been] performed within that [five-year] period." United States v. Ben Zvi, 242 F.3d 89, 97 (2d Cir. 2001) (internal quotation marks omitted). "[T]he crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy." United States v. Salmonese, 352 F.3d 608, 614 (2d Cir. 2003) (internal quotation marks omitted).

        Here, the Information against Fardella was filed on October 12, 2011, so for it to have been timely filed, the offense had to have taken place no earlier than October 12, 2006. (See Gov. Ex. A, Information.) The Information alleges that the offenses charged in Counts One and Two took place within the five-year statute of limitations. Count One alleges a conspiracy that began "at least in or about April 2005," and extended "through and including in or about November 2006." Count Two charges the substantive offense of securities fraud, and alleges that the offense took place between April 2005, through and including November 2006. (Id., ¶¶ 6, 16 and 21). In its opposition briefing, Respondent has detailed the evidence gathered in the Government's investigation which supports the allegations in the Information that the offenses were properly charged within the limitations period. (See Gov't Opp at 16.) This evidence

demonstrates that Fardella and his co-conspirators were still mailing investors false statements, taking their money and collecting the profits from their scheme in November 2006.  (Id.) Accordingly, the Information was timely filed.

Whether the Tolling Agreements Were Defective

Fardella and his counsel signed five tolling agreements that tolled the expiration of the statute of limitations from March 31, 2010, through and including October 13, 2011. Fardella now claims that the tolling agreements were defective.  (See Petition at 6-9.)  As an initial matter, the Tolling Agreements also contain the provision that "[h]aving been advised by counsel, Christopher Fardella expressly waives his right to any defense based on the statute of limitations."  (Gov. Exs. L-P, Tolling Agreements.)  Leaving aside Fardella's waiver of his right to any defense based on the statute of limitations, his claim that the tolling agreements were defective is again made in a conclusory fashion.  Fardella does not elaborate on how the agreements were "defective" and this claim is not supported by any of the evidence in the record. Moreover, the Information was filed on October 12, 2011, while the offenses alleged in the Information were not completed until November 2006.  Accordingly, the tolling agreements are not material and this claim is also meritless.

Evidentiary Hearing

To obtain an evidentiary hearing, the petitioner must establish that he or she has a "plausible claim," United States v. Tarricone, 996 F.2d 1414, 1417-18 (2d Cir. 1993) (internal quotation marks and citations omitted).  No evidentiary hearing is necessary where the allegations in the petition "merely contradict the record, are inherently incredible, or are simply

conclusory." United States v. Gonzalez, 970 F. 2d 1095, 1100 (2d Cir. 1992); see also Lake v. United States, 465 F. App'x 33, 34-35 (2d Cir. 2012) (an evidentiary "hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel'") (citation omitted).  As Petitioner has not established that he has a plausible claim in any respect, the Court declines to hold an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Fardella's Petition is denied.

As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C.A. § 2253(c)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to enter judgment denying the Petition, and close this case.

SO ORDERED.

Dated: New York, New York
       July 8, 2014

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies mailed to petitioner:
Christopher Fardella
#65812-054
Maxwell Airforce Base Federal Prison Camp
Montgomery, AL 36112